JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 10 1985

PATRICIA D. _____
CLERK OF THE PANEL

RELEASED FOR PUBLICATION

DOCKET NO. 624

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS SCHOOL PRODUCTS LIABILITY LITIGATION

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, JR.,* S. HUGH DILLIN, MILTON POLLACK,* AND LOUIS H. POLLAK, JUDGES OF THE PANEL

ORDER DENYING TRANSFER

PER CURIAM

Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, filed by three defendants in actions in this docket, to centralize in the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings the twenty actions[1] listed on the following Schedule A.

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Although we recognize that the actions in this litigation involve some common questions of fact, we are not persuaded that these common questions of fact will predominate over individual questions of fact present in each action. Moreover, we note that the common questions of fact involved in these actions have been extensively litigated for the past ten years in connection with thousands of personal injury actions arising from alleged asbestos exposure. We further note that 1) one action included in the Section 1407 motion has already been tried, and several other actions have been scheduled for trial within the next six months; and 2) the great majority of parties responding to the Section 1407 motion opposes centralization. The Panel concludes that centralization of these actions is inappropriate for many of the reasons expressed by the Panel in its previous rulings denying transfer of asbestos-related actions. See In re Asbestos and Asbestos Insulation Material Products Liability Litigation, 431 F.Supp. 906 (J.P.M.L. 1977); In re Asbestos Products Liability Litigation (No. II), MDL-416 (J.P.M.L., March 13, 1980) (unpublished order).

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. §1407, be, and the same hereby is, DENIED.

---

* Judge Milton Pollack recused himself and took no part in the decision of this matter. In addition, Judge Sam C. Pointer, Jr. took no part in the decision of this matter.

[1] The Section 1407 motion included one additional action -- County of Anderson, etc. v. United States Gypsum Co., et al., E.D. Tennessee, C.A. No. CIV-3-83-511 -- that was tried in March, 1985, resulting in a jury verdict for defendants and a subsequent order dismissing the action. Accordingly, the question of transfer of this action under Section 1407 is moot.

SCHEDULE A

MDL-624 -- In re Asbestos School Products Liability Litigation

Northern District of Alabama

Franklin County School Board, et al. v. Lake Asbestos of Quebec, Ltd., et al., C.A. No. CV84-HM-5435NW

District of Colorado

Adams-Arapahoe School District 28-J v. Celotex Corp., et al., C.A. No. 84-1974

Southern District of Florida

Greater Miami Hebrew Academy v. United States Gypsum Co., C.A. No. 84-0202-CIV-EPS

Western District of Kentucky

McCracken County Board of Education v. United States Gypsum Co., C.A. No. C83-0317P(J)

Southern District of Mississippi

Board of Trustees, Gulfport Municipal Separate School District v. National Gypsum Co., C.A. No. S-83-0943

District of New Hampshire

City of Manchester v. National Gypsum Co., et al., C.A. No. 83-143-L
Town of Hooksett School District v. W.R. Grace and Co., C.A. No. C-83-761-L

District of South Carolina

Spartanburg County School District Seven v. National Gypsum Co., et al., C.A. No. 83-1744-14

Eastern District of Tennessee

The City of Greenville, Tennessee v. National Gypsum Co., et al., C.A. No. 2-83-294
Sherry Wolfe, et al. v. United States Gypsum Co., et al., C.A. No. 2-83-329
County of Johnson, Tennessee, etc. v. United States Gypsum Co., et al., C.A. No. 2-83-262

Middle District of Tennessee

Clarksville-Montgomery County Board of Education v. United States Gypsum Co., et al., C.A. No. 3-84-0315
Rutherford County Board of Education v. W.R. Grace and Co., C.A. No. 3-83-0582

Western District of Tennessee

Shelby County, Tennessee, et al. v. W.R. Grace and Co., et al., C.A. No. 84-2093 G.B.

Eastern District of Texas

Dayton Independent School District v. United States Gypsum Co., et al., C.A. No. B-81-277
Evadale Independent School District v. United States Gypsum Co., et al., C.A. No. B-81-293

Western District of Virginia

County School Board of Amelia County Virginia, et al. v. United States Gypsum Co., et al., C.A. No. 84-0022C

Eastern District of Pennsylvania

Barnwell School District No. 45 v. United States Gypsum Co., et al., C.A. No. 83-1395
Board of Education of the Memphis City Schools, et al. v. United States Gypsum Co., et al., C.A. No. 84-2312
School District of Lancaster, et al. v. Lake Asbestos of Quebec, Ltd., et al., C.A. No. 83-0268